# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5145 | **DATE** | July 29, 2003 |
| **CASE TITLE** | *United States v. All Meat and Poultry Products Stored at LaGrou* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES LaGrou Entities' motions to dismiss Third-Party Plaintiffs' First Amended Third-Party Complaints [162-1, 165-1 to 179-1, 204-1, 221-1 to 232-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 330 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> All MEAT and POULTRY PRODUCTS ) <br> STORED at LAGROU COLD STORAGE) <br> ) <br> Defendant. ) | Hon. Blanche M. Manning <br><br> No. 02 C 5145 |

DOCKETED JUL 3 0 2003

## MEMORANDUM AND ORDER

Plaintiff United States of America ("the Government") brought this in rem proceeding, under the Federal Meat Inspection Act ("FMIA") and the Poultry Products Inspection Act ("PPIA"), seeking forfeiture of 14,000,000 pounds of meat and poultry stored at the LaGrou Cold Storage Warehouse ("the Warehouse") in Chicago, Illinois, after inspectors from the United States Department of Agriculture ("USDA") found significant evidence of rodent infestation at the Warehouse. Pursuant to statute, owners of the meat and poultry filed verified claims to the meat and poultry ("the Claimants") and filed a third-party complaint, pursuant to Federal Rule of Civil Procedure 14, against various corporate entities and individuals associated with the LaGrou Warehouse (generally, "the LaGrou Entities"), seeking a declaration that the LaGrou Entities are liable to the Claimants for costs and loss of products and seeking damages under various state law theories.

The present motions come before this Court on the LaGrou Entities' motions to dismiss Third-Party Plaintiffs' First Amended Third-Party Complaint on the grounds that the Claimants

330

lack standing to file a third-party complaint under Rule 14(a) of the Federal Rules of Civil Procedure.

Rule 14(a) states in relevant part that:

> [a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiffs claim against the third-party plaintiff.

Without citing to any authority, other than the Rule, the La Grou Entities contend that because the Government's seizure action was filed in rem against meat and poultry, and not against an individual or entity, that the Claimants cannot bring third-party claims because there are not actually any claims made against the Claimants.

While this argument appears to make sense under the plain language of Rule 14, it is contrary to the policies underlying Rule 14 and has been rejected by courts that have permitted third-party complaints by claimants in forfeiture proceedings. The decision to permit third-party defendants to be impleaded is "entrusted to the sound discretion" of this Court. Design/Craft Fabric Corp. v. Lit-Pac, Inc., 1989 WL 106681, at *1 (N.D. Ill. Sept. 12, 1989) (Williams, J.). Congress enacted Rule 14 "to permit the liberal joinder of parties so that judicial energy could be conserved and consistency of results guaranteed." State of New York v. Solvent Chem. Co., Inc. 179 F.R.D. 90, 93 (W.D.N.Y. 1998). Therefore, motions to implead third-party defendants "should be freely granted . . . unless [it] would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Id.

In United States v. Paraffin Wax, 141 F. Supp. 402, 403 (E.D.N.Y. 1956), the Government brought an in rem proceeding seeking forfeiture of 2255 boxes of wax ("the Wax") because the shipper failed to file the proper paper work for shipping. At the time it was seized,

2

the Wax was in route to be delivered to a buyer, who had paid the seller/shipper for the Wax. Id. The purchaser of the wax subsequently filed a claim to the wax in the forfeiture proceeding and moved to implead the seller/shipper as a third-party defendant under Rule 14. Id. The third-party defendant moved to dismiss the third-party complaint on the grounds that: (1) the claimant was not a defendant so did not fall within the scope of the Rule 14; and (2) the original action was a forfeiture action in rem and not therefore a claim which the third-party defendant/seller could be liable to the third-party plaintiff/buyer. Id. Rejecting these contentions, the court found that the purchaser of the Wax was "to all intents and purposes a defendant, contesting the Government's claim to forfeiture." Id. at 403-04.

Here, similar to Parafin Wax, although the meat and poultry subject to the forfeiture proceeding are "the nominal defendant," the "[C]laimants are the real party in interest." United States v. $100,000 in United States Currency, 602 F. Supp. 712, 714 (S.D.N.Y. 1985). Therefore, because the Claimants have a legal interest in the property at issue, they should be permitted to implead third-party defendants whose liability is "dependent on the outcome of the main claim and . . . liability is secondary or derivative." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). Accordingly, this Court DENIES the LaGrou Entities Motions to Dismiss.

## CONCLUSION

For the foregoing reasons, this Court DENIES LaGrou Entities' motions to dismiss Third-Party Plaintiffs' First Amended Third-Party Complaint [162-1, 165-1 to 179-1, 204-1, 221-1 to 232-1]. It is so ordered.

ENTERED:

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 7-29-03