# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5145 | **DATE** | 12/12/2003 |
| **CASE TITLE** | United States vs. All Meat & Poultry | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Third-party Plaintiffs' Motion to Require Withdrawal of Appearance and for Other Relief [367-1] is denied. Enter Memorandum Order.

*/s/ Edward A. Bobrick*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 380 |
| | Notified counsel by telephone. | DEC — 2003 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/12/2003 date mailed notice | |
| SRB | courtroom deputy's initials | 03 DEC 15 AM 1:18 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | SB mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 5145 |
| | ) | |
| ALL MEAT AND POULTRY PRODUCTS | ) | Judge Blanche M. Manning |
| STORED AT LAGROU COLD STORAGE | ) | Edward A. Bobrick, |
| 2102 WEST PERSHING ROAD, | ) | Magistrate Judge |
| CHICAGO, ILLINOIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

| | |
|---|---|
| L & L PACKING COMPANY, *et al.*, | ) |
| | ) |
| Claimants/Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| LAGROU DISTRIBUTION SYSTEMS, INC., | ) |
| *et al.* | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM ORDER

Before the court is L & L Packing Company, Kelly Corned Beef Company of Chicago, Inc., Krakus Foods International, Meyer Lamb Company, John Hofmeister & Son, Inc. and CKF Foods, Inc.'s ("third-party plaintiffs") MOTION TO REQUIRE WITHDRAWAL OF APPEARANCE AND FOR OTHER RELIEF. For the following reasons the court DENIES third-party plaintiffs' motion.

380

## I. BACKGROUND

This case began after United States Department of Agriculture ("USDA") inspectors found rodent infested food products at the LaGrou Cold Storage's warehouse in Chicago, Illinois. The United States of America ("the Government") brought an *in rem* proceeding under the Federal Meat Inspection Act ("FMIA") and the Poultry Products Inspection Act ("PPIA") in July of 2002. The *in rem* action sought the forfeiture of 14,000,000 pounds of meat and poultry products stored at the warehouse. A criminal investigation ensued against LaGrou Distribution Systems, Inc. d/b/a LaGrou Cold Storage, Inc. Subsequently, a group of owners of the food products filed third party complaints against corporate entities and individuals associated with the LaGrou Cold Storage Warehouse seeking compensation for their losses. Third-party defendants' motion to stay the case relating to third-party complaints was granted on October 2, 2003.

In the meantime, a dispute developed concerning the identification of one of the LaGrou entities, LaGrou Cold Storage Corp. ("LaGrou Cold Storage"). Several third-party plaintiffs believe that LaGrou Cold Storage is, in fact, LaGrou Distribution Systems, Inc. ("LaGrou Distribution"). They allege that two of the third-party defendants' attorneys are subtlety positioning LaGrou Cold Storage to make it appear to be a part of Hammond/Mercantile Cold Storage Corp., ("Hammond/Mercantile") which third-party plaintiffs believe is merely a shell corporation. Third-party plaintiffs attach a plethora of evidence to their motion purporting to prove that LaGrou Cold Storage is really part of

LaGrou Distribution, including appearance forms filed by LaGrou Cold Storage's attorney, John McInerney of Leahy, Eisenberg & Frankel, Ltd. ("LEF") and Hammond/Mercantile's attorney, William Biederman ("Biederman"). Third-party plaintiffs claim that LaGrou Cold Storage a/k/a Hammond Mercantile Cold Storage Corp." is inconsistent with their co-counsel Biederman's identification of his client as "Hammond Mercantile Cold Storage Corp.," which name, they allege, is the correct one.

Third-party plaintiffs claim that third-party defendants have two motives for their actions: (1) to create confusion in the record, and (2) to gain an unfair advantage on the factual jury question of "Who is LaGrou Cold Storage?" For these reasons, the third-party plaintiffs ask the Court (1) to require LaGrou Cold Storage's attorneys to withdraw the filed appearance and to file a proper appearance (presumably identifying LaGrou Cold Storage as LaGrou Distribution), and (2) to direct LaGrou Cold Storage's attorneys and Hammond/Mercantile's attorney to identify this entity in all pleadings as "Hammond/Mercantile Cold Storage Corp." In other words, they want to emphasize LaGrou Cold Storage's identity as LaGrou Distribution and exclude any association in the record between LaGrou Cold Storage and Hammond/Mercantile.

LaGrou Cold Storage has made the following arguments in its response: first, the fact that seven third-party plaintiffs have sued LaGrou Cold Storage "in and of itself allows counsel to file an appearance on behalf of the corporation." It maintains that LaGrou Cold Storage as a named defendant has a right to counsel. Second, LaGrou Cold Storage claims

that there is no legal precedent for third-party plaintiffs' motion requiring counsel to withdraw the appearance of a party served with a complaint. Third, LaGrou Cold Storage maintains that third-party plaintiffs do not have standing to bring this motion, because they have not actually sued LaGrou Cold Storage as an individual entity.

## II. DISCUSSION

The motion presented by the third-party plaintiffs is steeped in confusion. In this regard it is worth mentioning that neither side has cited to any authority or legal precedent in support of their respective arguments - - although LaGrou's arguments, as a practical matter, makes more sense then those of the third-party plaintiffs. The situation is further complicated by the fact that the relief requested is not clearly laid out in the motion. Essentially, the court concludes that third-party plaintiffs want the withdrawal of LEF, or LaGrou Cold Storage as a named party defendant because they believe it is not a legal entity separate from LaGrou Distribution. To this end, they want any association between LaGrou Cold Storage and Hammond/Mercantile to be eradicated from the record. At the heart of this motion is the third-party plaintiffs implied assertion that LaGrou Distribution should be held liable for the chaos at the LaGrou Cold Storage warehouse. Therefore, their goal is to eliminate any potential distraction from this claim and all of this in the name of forcing the withdrawal of an appearance filed by certain attorneys.[1] We believe the determination of

---

[1] The underlying message in this motion is that the attorneys for LaGrou Cold Storage and
(continued...)

4

party standing is better left to the fact finder and not by way of a motion requiring withdrawal of a party or its counsel.

## Withdrawal of Appearance

The third-party plaintiffs have framed their request in a motion requiring the withdrawal of LaGrou Cold Storage's appearance. The right of withdrawal is subject to specific conditions or limitations, such as leave of court, or a showing of good cause. 7 Am. JUR. 2D *Appearance* §4. The implication of this, however, is that the defendant is the party requesting the withdrawal and not the plaintiff. *See id., See e.g., French -v- Jeffries,* 149 F.2d 555 (7th Cir. 1945). In this case, however, it is a plaintiff who is requesting the withdrawal of an appearance filed by an attorney for defendant, which on the face of it is an unusual situation, since it was third-party plaintiffs who hauled the third-party defendant into court in the first place. The motion thus seems akin to a motion to disqualify, but of course defendants have not alleged any grounds for that, nor have they argued for disqualification.

The issue before the court, therefore, is whether third-party plaintiffs have presented good cause for withdrawal of LaGrou Cold Storage's appearance. As previously mentioned,

---

[1](...continued)
Hammond/Mercantile are engaging in fraudulent behavior. Third-party plaintiffs allege that third-party defendants' attorneys are intentionally confusing the record in order to gain an unfair advantage on a factual jury question. The third-party plaintiffs apparently suspect that third-party defendants' attorneys do not have or are unlikely to have evidentiary support for their contention that LaGrou Cold Storage is Hammond/Mercantile. If indeed this proves true, at some point in this litigation, the matter may be subject to Fed.R.Civ.P.11.

the crux of the third-party plaintiffs' motion is that certain third-party defendants' attorneys are trying to create a deception in order to give more weight to the claim that LaGrou Cold Storage is not LaGrou Distribution. This issue relates to disregarding the corporate entity or piercing the corporate veil. Before disregarding the separate corporate identity of one corporation and treating it as the alter ego of another, it must be shown that the corporation is a "mere instrumentality" of the other. *Van Dorn Co. v. Future Chemical and Oil*, 753 F.2d 565, 570 (7th Cir. 1985). It must also be shown that if the companies were to be treated as separate, such treatment would sanction a fraud or promote injustice. *Id.* Among the factors to be examined are: (1) failure to keep adequate corporate records or to comply with corporation formalities, (2) commingling funds or assets, (3) undercapitalization, and (4) one corporation treating the assets of the other corporation as its own. *Id.* Ultimately, this is a factual determination. *See id.* at 571.[2] In this case, the issue of whether the corporate veil can be pierced between LaGrou Cold Storage and LaGrou Distribution is a critical part of the third-party plaintiffs' case, since it pertains to who bears the ultimate liability for their losses. This of course should be determined only through a factual analysis - - which the parties are currently unable to perform in light of the stay issued by this court.

---

[2] Although it is not evident which state's law would apply in this analysis, since in Illinois the substantive law of the entity's state of incorporation governs this issue. *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir. 1990). However, the factors listed reflecting the law in Illinois are common to other states; for example, Indiana e.g., *Nat'l Sofit & Escutcheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262 (7th Cir. 1996) and Delaware: e.g., *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F.Supp. 1076, 1085 (D.Del. 1990).

6

## III. CONCLUSION

On the face of it, third-party plaintiffs are making a simple request: to require third-party defendants' attorneys to identify their clients clearly and consistently. However, this request is fraught with complexity since it relates to a fundamental aspect of the third-party plaintiffs' claims - - which legal entity bears responsibility for their losses. It would be unfair, at this stage of the litigation, to require any named third-party defendant, including LaGrou Cold Storage, or its attorney to withdraw. In fact to do so would give the third-party plaintiffs exactly what they claim third-party defendants currently enjoys, an unfair advantage on an important material factual issue. The proper identity of LaGrou Cold Storage is integral to the question of LaGrou Distribution System's relationship with it and Hammond/Mercantile. This is a question about disregarding the corporate entity, and should be properly left to the fact finder on an appropriate record. Accordingly, third-party plaintiff's MOTION TO REQUIRE WITHDRAWAL OF APPEARANCE AND FOR OTHER RELIEF is hereby DENIED.

ENTER: *[signature]*
**EDWARD A. BOBRICK**
**United States Magistrate Judge**

**DATE:** December 12 , 2003