**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | No. 02 C 5145 |
| All MEAT and POULTRY PRODUCTS ) | |
| STORED at LAGROU COLD ) | |
| STORAGE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

After discovering rodent infestation at a food storage facility owned by LaGrou Distribution Systems, Inc., the government began this civil *in rem* action seeking forfeiture of fourteen million pounds of meat and poultry stored at the facility, and separate criminal proceedings against LaGrou and several former officers. The companies that owned the food stored in the warehouse joined this civil case by filing a third-party complaint against numerous corporate entities and individuals associated with LaGrou.

To help preserve the criminal defendants' Fifth Amendment privilege against self-incrimination, Magistrate Judge Bobrick stayed discovery in the civil case. By September 2005, the criminal defendants had either pled or were found guilty. With their guilt established, Magistrate Judge Levin (who received the case after Magistrate Judge Bobrick retired) lifted the stay as the criminal defendants' protection against self-incrimination was no longer in jeopardy: "because the convictions and potential appeals in this case are limited to the evidence already introduced at trial, any additional evidence uncovered in the subject civil action cannot be

considered in those criminal matters." The third-party defendants filed timely objections to Magistrate Judge Levin's order, and ask this court to reinstate the stay. For the reasons that follow, the court overrules the third-party defendants' objections.

## DISCUSSION

In considering a party's objection to a magistrate judge's order on a nondispositive matter, the district court may modify or set aside any part of the order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660-61 (7th Cir. 1998).

The third-party defendants contend that the basis for Magistrate Judge Levin's decision to lift the stay—that the criminal defendants were no longer entitled to the privilege against self-incrimination because their criminal prosecutions had concluded—was clearly erroneous for two reasons. First, the two criminal defendants found guilty at trial—LaGrou Distribution and former president and CEO Jack Stewart—have appealed or plan to appeal, and, according to the third-party defendants, the privilege of LaGrou and Stewart against self-incrimination survives through their direct appeals. Second, numerous other individuals associated with LaGrou who have not been criminally indicted yet fear being indicted in the future, and are therefore entitled to exercise their privilege against self-incrimination.

The Fifth Amendment protects a criminal defendant from being forced to testify against himself. *Hubanks v. Frank*, 392 F.3d 926, 932 (7th Cir. 2004). However, for a defendant in both criminal and civil matters, the Constitution does not protect against having to "choose between preserving his privilege against self-incrimination and losing the civil suit." *United States v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, Wis.*, 943

2

F.2d 721, 729 (7th Cir. 1991) (internal quotation and citation omitted). In other words, it is not unconstitutional to force a party to choose between his Fifth Amendment rights and the adverse inference that he may face by failing to testify in a civil proceeding. *Id.*; *SEC v. Dresser Indus., 628* F.2d 1368, 1375 (D.C. Cir. 1980) ("The Constitution, therefore, does not ordinarily demand a stay pending the outcome of criminal proceedings."). Nevertheless, even though the constitution does not compel a stay, the district court is free to issue one in its discretion. *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (district courts have authority to enter stays when required to serve the ends of justice); *Certain Real Property*, 943 F.2d at 729.

In determining whether the stay originally issued by Magistrate Judge Bobrick should remain in place, the court will revisit the six factors that Magistrate Judge Bobrick concluded, on balance, favored a stay. Those factors included (1) the extent to which the issues in the criminal and civil matters overlap, and whether the government initiated both proceedings; (2) the posture of the criminal proceedings; (3) the interests of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; (4) the burden the proceedings may impose on defendants; (5) the convenience of the court in the management of its cases; and (6) the interests of persons not parties to the civil litigation and of the public in pending civil and criminal litigation. *See* Magistrate Judge Bobrick's October 2, 2003 Memorandum Order at 4-5, 2003 WL 22284318, at **5-6 (collecting cases identifying the relevant factors).

    1.    *Overlap of Issues & Whether Government Initiated Both Proceedings*

As was the case when Magistrate Judge Bobrick weighed this factor, the issues in the criminal and civil matters overlap substantially, and the government initiated both. Accordingly, this factor still favors a stay.

2. *Posture of Criminal Proceedings*

The posture of the criminal proceedings have changed significantly. Two defendants, Michael Faucher and David Smith, pleaded guilty. Defendants LaGrou Distributions and Jack Stewart were found guilty after trial. According to the parties, no one else has been indicted, and courts generally issue stays to protect the interests of only those persons against whom an indictment has already issued. *See Dresser*, 628 F.2d at 1376 (where no indictment has issued, purpose of staying a civil matter is "far weaker"); *Am. Express Bus. Fin. Corp. v. RW Prof. Leasing Srvs., Corp.*, 225 F. Supp. 2d 263, 264 (E.D.N.Y. 2002) (courts generally require an indictment to stay a civil case). Therefore, this factor no longer favors a stay.

3. *Interests of Plaintiffs*

When Magistrate Judge Bobrick initially evaluated this factor, he concluded that it did not strongly favor a stay because the passage of time had not yet jeopardized witnesses' memories, document retention, or the chances of collecting money damages. However, two additional years have passed and the risks of fading memories and lost documents have increased substantially during that time. Though this factor did not originally favor a stay, the court believes that it currently does.

4. *Burden on Defendants*

Magistrate Judge Bobrick found that the factor most favoring a stay was the burden the indicted defendants faced choosing between invoking their rights under the Fifth Amendment and defending themselves in the civil proceeding. Most of the defendants no longer face the dilemma that concerned Magistrate Judge Bobrick. Indicted defendants Faucher and Smith pleaded guilty, thereby incriminating themselves. Indicted defendant LaGrou Distribution is a

4

corporation not afforded the privilege against self-incrimination. *Braswell v. United States*, 487 U.S. 99, 104 (1988) (the privilege against self-incrimination does not apply to corporations). Accordingly, Faucher, Smith and LaGrou have no Fifth Amendment privilege that would favor a stay.

Only convicted defendant Jack Stewart may conceivably still assert his privilege against self-incrimination, and only if after sentencing he appeals and wins a new trial. The extent to which a convicted defendant is still entitled to assert the privilege is unclear. Traditionally a defendant who has been convicted loses his Fifth Amendment privilege and can be compelled to testify about the acts constituting the offense of conviction. *Reina v. United States*, 364 U.S. 507, 513 (1960). Nevertheless, the third-party defendants contend that the traditional rule applies only after the time for a direct appeal has passed. The court has found scant authority addressing whether the privilege continues through direct appeal, though what it has found supports the third-party defendants' contention. *See, e.g., Frank v. United States*, 347 F.2d 486,491 (D.C. Cir. 1965) ("the Government may not convict a person and then, pending his appeal, compel him to give self-accusatory testimony relating to matters involved in the conviction"); *Mills v. United States*, 281 F.2d 736, 741 (4th Cir. 1960) (privilege against self-incrimination continued through "the period within which [the defendant] could prosecute an appeal of her own conviction."); 1 John W. Strong, et al., *McCormick on Evidence* § 120, at 465 (5th ed. 1999) ("courts have generally held that a convicted defendant retains the protection of the privilege until appeal is exhausted or until the time for appeal expires."); *see also United States v. Aichele*, 941 F.2d 761, 768-69 (9th Cir. 1991) (Kozinski, J. dissenting) (defendant should not be forced to testify in support of acceptance of responsibility reduction until direct

5

appeal is completed). Because so few cases address the issue, the court will assume without deciding, and solely for the purpose of resolving defendants' objection to the magistrate's order, that Stewart may still assert his privilege against self-incrimination, a factor which favors a stay.

As for the unindicted individuals who worry that they will be prosecuted in the future, as discussed above, a defendant's privilege against self-incrimination is a factor favoring a stay only after that defendant has been indicted. *See Dresser*, 628 F.2d at 1376; *Am. Express*, 225 F. Supp. 2d at 264. Accordingly, the concerns of the unindicted individuals do not favor a stay.

5 & 6. *Convenience of the Court & Interest of the Public*

Magistrate Judge Bobrick previously found that the court's and public's interest in swift resolution of cases militated against a stay, but that other interests favored a stay, including the interest in avoiding a duplication of efforts in the criminal and civil proceedings. However, now that the criminal proceedings are, for the most part, concluded, the concern over duplication of efforts is no longer valid. In fact, transcripts and other evidence uncovered during the prosecution of the criminal matters is now available for use, perhaps lightening the workload of the court as it oversees the civil matter. Although the court may need to resolve Fifth Amendment assertions made by one of the indicted defendants, the court anticipates far fewer assertions than would have been made by all of the indicted defendants. Therefore, the concern over assertions of Fifth Amendment privileges no longer favors a stay.

## CONCLUSION

On balance, the court believes that the factors discussed above favor lifting the stay imposed by Magistrate Judge Bobrick. With most of the criminal matters resolved, many of the factors that previously favored a stay no longer do. Although one indicted defendant may still be entitled to assert his Fifth Amendment privilege against self-incrimination, this factor alone does not mandate a stay. In its discretion, and after reviewing all of the parties' briefs and arguments, the court concludes that the few factors that favor a stay do not outweigh the numerous factors that now militate against a stay.

Accordingly, the court concludes that Magistrate Judge Levin's September 2005 order lifting the stay originally imposed by Magistrate Judge Bobrick was not clearly erroneous, and therefore the third-party defendants' numerous objections [452-1, 456-1, 457-1] to Magistrate Judge Levin's order are overruled.

ENTER:

DATE: January 4, 2006

Blanche M. Manning
United States District Judge